UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                CASE NO. **10-21420-JKO**

**SAMUEL FAST**                                                       CHAPTER: 7

    Debtors.                                        ADVERSARY PROCEEDING NO.

_____/

**SIDNEY FAST,**

    Plaintiff/Creditor,

vs.

**SAMUEL FAST**

    Defendant/Debtor.

_____/

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523

**COMES NOW** the Plaintiff, Sidney Fast, by and through his undersigned attorney and brings this Complaint Objecting to Discharge Pursuant to 11 U.S.C. §523, Sidney Fast, and alleges:

### Jurisdiction and Venue

1. This case was commenced by the filing of a voluntary Chapter 7 petition on April 28, 2010 (the "Petition Date")

2. This is an action to object to the Debtor's discharge, pursuant to 11 U.S.C. §523.

3. This is a core proceeding and this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P.7001.

4. Venue is proper herein pursuant to 28 U.S.C. §§ 1408 and 1409.

1

## General Allegations

5.   Pre-Petition and at all relevant times, Plaintiff and Defendant owned real property in Hialeah, Miami-Dade County, Florida, described as:

> Lot 1, Block 102-B, THIRTEENTH ADDITION TO HIALEAH, according to the Plat thereof, as recorded in Plat Book 20, Page 37, of the Public Records of Miami-Dade County, Florida.
> a/k/a 1002 E 24th Street, Hialeah, FL 33013

A copy of the Quit Claim Deed is Attached hereto and made a part hereof as Exhibit "A".

6.   Pre-Petition and at all relevant times, Plaintiff was arrested on August 4, 2000, and remained in the custody of Unites States for several years.

7.   Pre-Petition and at all relevant times, on or about January 5, 2001, Defendant forged Plaintiff's signature on a Quit Claim Deed conveying title to the subject property to himself with the intent to deprive Plaintiff from his ownership interest in the subject property. A copy of the Quit Claim Deed is attached hereto and made a part hereof as Exhibit "B"

8.   Pre-Petition and at all relevant times, on or about January 18, 2002, Defendant sold the subject property to Pedro Beltran and Mercedes Fernandez. In furtherance of his fraudulent skim Defendant forged Plaintiff's signature to a Resignation as Trustee of the Restated and Amended Revocable Inter Vivos Trust Agreement of Florence Fast. A copy of the Warranty Deed is attached hereto and made a part hereof as Exhibit "C"

9.   Pre-Petition and at all relevant times, Plaintiff filed multi count complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County against Defendant to recover his share of the profits derived from the sale of the subject property. A copy of the Third Amended Complaint is attached hereto and made a part hereof as Exhibit "D".

10.   Pre-Petition and at all relevant times, on November 6, 2009, the Circuit Court entered

a Default Final Judgment in favor of Plaintiff and against Defendant, in the amount of $158,562.29, plus 8% interest. A copy of the Default Final Judgment is attached hereto and made a part hereof as Exhibit "E".

### Count 1 - Non-Dischargeability of Default Final Judgment (11 U.S.C. §523 (a)(2)(A)

11. The Plaintiff re-alleges the allegations contained in paragraphs 5 through 10, as if fully set forth herein.

12. This is an action requesting a determination that the debt owed by the Debtor to the Plaintiff, as reflected in the Default Final Judgment, is excepted from the Debtor's discharge and is not dischargeable, should the Debtor receive a discharge, pursuant to 11 U.S.C. §523(a)(2)(A).

13. The Plaintiff is a creditor of the Debtor.

14. The Debtor incurred the debt to the Plaintiff under false pretenses, false misrepresentation, and/or actual fraud.

15. The Default Final Judgment precludes the debtor from arguing that the debt was not incurred due to false pretenses, a false misrepresentation, and/or actual fraud.

**WHEREFORE**, the Plaintiff requests this Honorable Court to enter a judgment determining that the debt owed to the Plaintiff by the Debtor is non-dischargeable, in the amount of $158,562.29, plus interest and costs, and for such other and further relief as the Court deems just and proper.

### Count 2 - Non-Dischargeability of Default Final Judgment (11 U.S.C. §523 (a)(4)

16. The Plaintiff re-alleges the allegations contained in paragraphs 5 through 10, as if fully set forth herein.

17. This is an action requesting a determination that the debt owed by the Debtor to the Plaintiff, as reflected in the Default Final Judgment, is excepted from the Debtor's discharge and is

not dischargeable, should the Debtor receive a discharge, pursuant to 11 U.S.C. §523(a)(4).

18. The Debtor incurred the debt to the Plaintiff by virtue of his fraud or defalcation while acting in a fiduciary capacity.

19. The Debtor incurred the debt to the Plaintiff by forgery of documents of conveyance.

20. The Debtor willfully and maliciously injured the Plaintiff and/or the property of the Plaintiff as a result of his conduct.

**WHEREFORE**, the Plaintiff requests this Honorable Court to enter a judgment determining that the debt owed to the Plaintiff by the Debtor is non-dischargeable, in the amount of $158,562.29, plus interest and costs, and for such other and further relief as the Court deems just and proper.

**Count 3 - Non-Dischargeability of Default Final Judgment (11 U.S.C. §523 (a)(6)**

21. The Plaintiff re-alleges the allegations contained in paragraphs 5 through 10, as if fully set forth herein.

22. This is an action requesting a determination that the debt owed by the Debtor to the Plaintiff, as reflected in the Default Final Judgment, is excepted from the Debtor's discharge and is not dischargeable, should the Debtor receive a discharge, pursuant to 11 U.S.C. §523(a)(6).

23. The Debtor willfully and maliciously injured the Plaintiff and/or the property of the plaintiff as a result of conduct.

**WHEREFORE**, the Plaintiff requests this Honorable Court to enter a judgment determining that the debt owed to the Plaintiff by the Debtor is non-dischargeable, in the amount of $158,562.29, plus interest and costs, and for such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice

in this Court set forth in Local Rule 2090-1(A).

                                        Respectfully submitted,

                                        _____/S/_____
                                        **LAZARO J. LOPEZ, ESQ.**
                                        Fla. Bar No. 879861
                                        Attorney for Plaintiff/Creditor
                                        7925 NW 12 Street, Ste. 330
                                        Doral, Florida 33126
                                        Telephone: (305) 477-5933

OFF. REC. 16092 PG 2307

PREPARED BY:　MICHAEL L. BERGER
　　　　　　　9990 SW 77TH AVENUE
　　　　　　　SUITE 313　　　　　　　93R510167 1993 OCT 18 08:51
　　　　　　　MIAMI, FL 33156

Property Appraiser's　　　　　　　　DOCSTPDEE　　0.60 SURTX　　0.45
Parcel Identification No.　04 3108 002 2750　HARVEY RUVIN, CLERK DADE COUNTY, FL

## QUIT CLAIM DEED

THAT I, FLORENCE FAST, a single woman, individually and as Trustee of the FLORENCE FAST Trust dated August 2, 1984,

whose post office address is: 7550 Miller Road
　　　　　　　　　　　　　　　Miami, Florida 33155

in consideration of the sum of Ten ($10.00) Dollars to me paid by

　　SAMUEL FAST and SIDNEY FAST, as tenants in common

whose post office address is: 7550 Miller Road
　　　　　　　　　　　　　　　Miami, Florida 33155

the receipt whereof is hereby acknowledged, do hereby Remise, Release, and forever Quitclaim, to the said Grantees, and their heirs and assigns forever, the following Real Estate situated in the County of Dade, in the State of Florida, and bounded and described as follows:

　　An undivided 1/4 interest in
　　Lot 1, Block 102-B, THIRTEENTH ADDITION TO HIALEAH,
　　according to the plat thereof recorded in Plat Book 20,
　　Page 37, of the Public Records of Dade County, Florida.

To Have and to Hold said premises with all the privileges and appurtenances thereunto belonging, to the said Grantees, their heirs and assigns forever.

IN WITNESS WHEREOF, I have hereunto set my hand this 6 day of October, 1993.

Signed and acknowledged in
the presence of:

_____　　　By: _Florence Fast_____
Signature of Witness　　　　　　　　　 FLORENCE FAST
　　　　　　　　　　　　　　　　　　 individually and as Trustee of
_____　　　 the FLORENCE FAST Trust dated
Printed Name of Witness　　　　　　　 August 2, 1984


_____
Signature of Witness

Marjorie Miller
_____
Printed Name of Witness　　　　　　　　"HIBIT  "A"

"EXHIBIT A"

1050

OFF REC 19441 PG 2786

This Instrument Prepared by:
Scott A. Forman, Esq.
Vernis & Bowling of Miami, P.A.
1680 NE 135 Street
North Miami, FL 33181

01R012496 2001 JAN 09 10:43

Tax Folio No. 04 3108 002 2750

DOCSTPDEE    0.60 SURTX    0.45
HARVEY RUVIN, CLERK DADE COUNTY, FL

## QUIT CLAIM DEED

THIS QUIT CLAIM DEED, executed this 5 day of January, 2001, by SIDNEY FAST, as a joint tenant with rights of survivorship with Samuel Fast, Grantor/"First Party", to SAMUEL FAST, whose post office address is 7550 Miller Road, Miami, Florida 33155, in fee simple absolute, Grantee/"Second Party":

[Wherever used herein the term "first party" and "second party" shall include singular and plural, heirs, legal representatives and assigns of individuals and the successors and assigns of corporations, wherever the context so admits or requires.]

WITNESSETH, that said First Party, for and in consideration of the sum of TEN AND 00/100 DOLLARS ($10.00), and other good and valuable consideration to said First Party, in hand paid by said Second Party, the receipt whereof is hereby acknowledged, does hereby remise, release and quit claim unto the said Second Party forever, all right, title, interest, claim and demand which the said First Party has in and to the following described land situate, lying and being in Miami-Dade County, Florida, to-wit:

> An undivided 1/4 interest in Lot 1, Block 102-B, THIRTEENTH ADDITION TO HIALEAH, according to the Plat thereof, as recorded in Plat Book 20, at Page 37, of the Public Records of Miami-Dade County, Florida.

TO HAVE AND TO HOLD the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining and all the estate, right, title, interest, lien, equity and claim whatsoever of the said First Party, either in law or equity to the only proper use, benefit and behalf of the said Second Party forever.

IN WITNESS WHEREOF, the said First Party has hereunto set his hand and seal the day and year first above written.

Signed, sealed and delivered in the presence of:

Jim Swanson
Print Name: Jim Swanson
Witness

SIDNEY FAST, Grantor/First Party

Tim Hester
Print Name: Tim Hester
Witness

SAMUEL FAST, Grantee/Second Party

STATE OF FLORIDA     )
                     ) SS
COUNTY OF MIAMI-DADE )

SWORN TO and SUBSCRIBED before me this 5 day of January, 2001, by SIDNEY FAST, who is personally known to me or who produced a valid driver's license as identification, and who did/did not take an oath.

Notary Public
[seal]
ELENI E KULBABA
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO CC681678
MY COMMISSION EXP. OCT. 9 2001

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

### "EXHIBIT B"

OFF. REC BK.
20170 PG 3832

This Instrument Prepared by and Return to:
Paul Mandel, Esquire
CAPITAL ABSTRACT & TITLE
10115 WEST SAMPLE ROAD
CORAL SPRINGS, FLORIDA 33065

02R056921 2002 JAN 30 10:58

Property Appraisers Parcel
Identification (Folio) Numbers:
3108-002-2750

Grantees SS #s:

DOCSTPDEE 1,398.00 SURTX 0.00
HARVEY RUVIN, CLERK DADE COUNTY, FL

## WARRANTY DEED

_____SPACE ABOVE THIS LINE FOR RECORDING DATA_____

THIS WARRANTY DEED, made the 15th day of January, A.D. 2002 by SAMUEL FAST, a/k/a SAMUEL LOUIS FAST, individually and as trustee under the Restated and Amended Revocable Inter Vivos Trust of Florence Fast Trust herein called the grantor, whose post Office address is 940 S.W. 131 AVE Davie FL 33325, to PEDRO BELTRAN and MERCEDES FERNANDEZ, HUSBAND & WIFE whose post office address is 13641 ROANOKE ST DAVIE, FL 33325, hereinafter called the Grantees:
(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

W I T N E S S E T H:  That the grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in MIAMI-DADE County, State of Florida, viz:

> Lot 1 in Block 102-B of AMENDED PLAT OF THE AMENDED PLAT OF THIRTEENTH ADDITION TO HIALEAH, according to the Plat thereof recorded in Plat Book 20, at Page 37, of the Public Records of Miami-Dade County, Florida.
>
> GRANTOR(S) UNDER PENALTIES OF PERJURY HEREBY CERTIFY THAT THIS PROPERTY IS NOT NOW NOR EVER HAS BEEN THEIR HOMESTEAD OR THE HOMESTEAD OF THEIR SPOUSE(S) AND THAT NO MEMBER OF THEIR FAMILY(IES) RESIDES THEREIN. GRANTOR RESIDES AT 940 S.W. 131 Ave Davie, FL 33325
>
> SUBJECT TO easements, restrictions, reservations, conditions, declarations, limitations, easments, right of way and zoning ordinances, if any, provided that this shall not serve to reimpose same and taxes for the current year and all subsequent years.

TOGETHER, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND, the grantor hereby covenants with said grantees that the grantor is/are lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 1999.

IN WITNESS WHEREOF, the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

Signature
Printed Signature
Signature
Printed signature

_____ L.S.
SAMUEL FAST a/k/a SAMUEL LOUIS FAST INDIVIDUALLY
AND AS TRUSTEE UNDER THE RESTATED AND AMENDED
REVOCABLE INTER VIVOS TRUST OF FLORENCE FAST
TRUST

RECORDED IN OFFICIAL RECORDS BOOK
OF DADE COUNTY, FLORIDA
RECORD VERIFIED
HARVEY RUVIN
CLERK CIRCUIT COURT

STATE OF FLORIDA
COUNTY OF BROWARD

The foregoing instrument was acknowledged before me this January 15th, 2002 by SAMUEL FAST a/k/a SAMUEL LOUIS FAST who is/are personally known to me or has produced Drivers License as identification.

SEAL


SUZANNE SHANAHAN
MY COMMISSION # CC 852934
EXPIRES July 25, 2003
Bonded Thru Notary Public Underwriters

Notary Signature

"EXHIBIT C"

6

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SIDNEY FAST,
    Plaintiff,

vs.

SAMUEL FAST,
    Defendant
_____/

CIVIL DIVISION
CASE # 05-24490CA30



### THIRD AMENDED COMPLAINT

COMES NOW, the Plaintiff, SIDNEY FAST, sues the Defendant, SAMUEL FAST, in an action for civil theft, unjust enrichment, conversion, and to establish an equitable lien bringing this matter within the jurisdiction of this court.

### COMMON ALLEGATIONS

1. This is an action for damages that exceeds $15,000.

2. The Defendant is a resident of Broward Count, Florida and is *Sui Juris*

3. Plaintiff, Sidney Fast, is an individual who owns a parcel of real property located in Hialeah, Florida which is described as:

> **Lot 1, Block 102-B, THIRTEENTH ADDITION TO HIALEAH, According to the Plat thereof, as recorded in Plat Book 20, at page 37, of the Public Records of Miami-Dade County, Florida, A/K/A 1002 E. 24th Street, Hialeah, Florida 33013. ("Hialeah Property")**

4. The Defendant, Samuel Fast, is the brother of the Plaintiff, Sidney Fast, and owns(ed) the Hialeah Property with the Plaintiff, Sidney Fast, as joint tenants in common.

5. On October 6, 1993, Florence Fast individually and as Trustee of Florence Fast Trust dated August 2, 1984 transferred her interest in the Hialeah Property to her sons Sidney Fast and Samuel Fast as tenants in Common. A copy of the deed is incorporated hereto as Exhibit "A".

6. On or about February 8, 2000, the Defendant, Samuel Fast, without the knowledge or consent of Sidney Fast and with the criminal *mens rea*, forged or cause to be forged a deed transferring the Hialeah Property from Sidney Fast and Samuel Fast as joint

"EXHIBIT D"           1

tenants in common to Sidney Fast and Samuel Fast as joint tenants with right of survivorship.

7. The signatures of Sidney Fast and witness, Steve Bray and Tim Hester, are forgeries. Elisse Kalbaba, the notary, did not witness the signing of the deed by Sidney Fast, Steven Bray or Tim Hester. A copy of the deed is incorporated as Exhibit "B".

8. On August 4, 2000, the Plaintiff, Sidney Fast, was arrested and incarcerated and has been at all times material hereto in the custody of the United States.

9. On or about January 5, 2001, a Quit-Claim Deed was prepared at the direction of Defendant, Samuel Fast, which purported to transfer Sidney Fast's ownership interest in the Hialeah Property to Samuel Fast. The signature of Sidney Fast is a forgery as well as the signatures of Jim Swanson and Tim Hester. The notary, Elisse Kulbaba, did not witness the signing of the deed by Sidney Fast, Jim Swanson or Tim Hester. A copy of the deed is incorporated as Exhibit "C".

10. On or about January 15, 2002, Defendant, Samuel Fast, with the intent to steal the proceeds from the sale of the Hialeah Property from Plaintiff, Sidney Fast, sold the Hialeah Property to Pedro Beltran and Mercedes Fernandez, his wife.

11. In Furtherance of his fraudulent scheme to steal the proceeds of the sale of the Hialeah Property, Defendant, Samuel Fast, forged or caused to be forged the signature of Plaintiff, Sidney Fast, on a Marital Status Affidavit and a Resignation of Trustee of the Restated and amended Revocable Inter Vivos Trust Agreement of Florence Fast, dated March 29, 1993. Copies of the documents are incorporated as Exhibits "D" and "E" respectively.

12. Exhibit "D" was notarized by Terri McKinley with the knowledge that Plaintiff, Sidney Fast, did not sign the document.

13. Exhibit "E" was notarized by Terri McKinley with the knowledge that Plaintiff, Sidney Fast, did not execute the document.

14. Additionally, the witness signatures purporting to be those of William Herd and Donna Destin on Exhibit "E" are forged.

15. Defendant, Samuel Fast, knowingly obtained the proceeds of the sale of the Hialeah Property and used the money of Plaintiff, Sidney Fast, with the intent to either temporarily or permanently deprive Plaintiff, Sidney Fast, of the right to the

      money and to appropriate the money to Defendant's own use in violation of Florida Statute §812.014.

16. Defendant, Samuel Fast, invested the illegal proceeds of his criminal venture in a parcel of real property located in Broward County, Florida more fully described as:

> **Lot 51, Block 209, CITY OF LAUDERHILL, SECTION ONE,**
> According to the Plat thereof, as recorded in Plat Book 81, Page
> 4, of the Public Records of Broward County, Florida.

17. As a result, Plaintiff, Sidney Fast, has been injured because of the violation of Florida Statute §812.014 and has lost rental income from the date of the sale of the Hialeah Property.

18. Before filing this action, Plaintiff, Sidney Fast, made written demand for three times the amount of money taken by Defendant, Samuel Fast, pursuant to Florida Statute §772.11, and has met all conditions precedent.

## COUNT I
## CIVIL THEFT

19. This is a civil theft action for damages that exceed $15,000.
20. Plaintiff re-affirms and re-alleges paragraphs 1 trough 18 inclusive.
21. The Defendant, Samuel Fast, knowingly obtained the proceeds of the sale of the Hialeah Property and used the money of the Plaintiff, Sidney Fast, with the intent to either, temporarily or permanently deprive the Plaintiff of the right to the money and to appropriate the money to Defendant's own use in violation of Florida Statute 812.014.
22. The Defendant, Samuel Fast, invested the illegal proceeds of his criminal venture in a parcel of real property located in Broward County, Florida more fully described as:

> **Lot 51, Block 209, CITY OF LAUDERHILL, SECTION ONE,**
> According to the Plat thereof, as recorded in Plat Book 81, Page
> 4, of the Public Records of Broward County, Florida.

3

23. As a result, Plaintiff, Sidney Fast, has been injured because of the violation of Florida Statute §812.014 and has lost rental income from the date of the sale of the Hialeah Property.

24. Before filing this action, Plaintiff, Sidney Fast, made written demand via certified mail on November 14, 2005 which was received by Defendant, Samuel Fast, for three times the amount of money taken by the Defendant, Samuel Fast, pursuant to Florida Statute §772.11, and has met all conditions precedent, see attached hereto exhibit "F"

**WHEREFORE**, the Plaintiff, **SIDNEY FAST**, respectfully demands judgment for treble damages, prejudgment interest, lost rental income, attorney fees and costs as per Florida Statute §772.11 and whatever other relief as permitted by law.

## COUNT II
## UNJUST ENRICHMENT

25. This is an unjust enrichment action for damages that exceed $15,000.

26. Plaintiff re-affirms and re-alleges paragraphs 1 trough 18 inclusive.

27. Samuel Fast has received and is retaining the proceeds from the sale of the Hialeah Property.

28. Samuel Fast has been unjustly enriched to the detriment of the plaintiff by withholding the proceeds paid from the sale of the Hialeah Property.

**WHEREFORE**, the Plaintiff, **SIDNEY FAST**, respectfully demands judgment for damages, prejudgment interest, costs, and for such further relief as the court deems equitable.

## COUNT III
## CONVERSION

29. This is a conversion action for damages that exceed $15,000.

30. Plaintiff re-affirms and re-alleges paragraphs 1 trough 18 inclusive.

31. On January 14, 2002, the Defendant, Samuel Fast converted to his own use approximately $116,500 that was the property of the Plaintiff, Sidney Fast.

WHEREFORE, the Plaintiff, SIDNEY FAST, respectfully demands judgment for damages, prejudgment interest and costs against the Defendant, SAMUEL FAST.

## COUNT IV
## EQUITABLE LIEN

32. This is an equitable lien action for damages that exceed $15,000.

33. Plaintiff re-affirms and re-alleges paragraphs 1 trough 18 inclusive.

34. The Defendant, Samuel Fast, would be unjustly enriched if allowed to encumber or sell the Lauderhill property, which was purchased, in whole or in part, with the proceeds of his tortuous and illegal acts.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via hand delivery to the Clerk of the Courts, and via U.S. regular mail to Mathew S. Kish, 806 Douglas Road, Suite 580 Coral Gables, Florida 33134 on this 5 day of May 2006.

Respectfully submitted,
LAW OFFICE OF
JAIME RODRIGUEZ JR.
1888 N.W. 7th Street
Miami, Florida 33125
Tel: (305) 643-3909
Fax: (305) 643-3334
By: _____
JAIME RODRIGUEZ JR.
Florida Bar # 496898

5

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

SIDNEY FAST,
Plaintiff

CIVIL DIVISION
CASE # 05-24490CA30

Vs.

SAMUEL FAST,
Defendant
_____/

## FINAL DEFAULT JUDGMENT FOR PLAINTIFF

This action was tried before this Court as to the issue of damages only on October 27, 2009 in favor of the Plaintiff, SIDNEY FAST, and after sanctions had been imposed upon the Defendant, SAMUEL FAST, on April 9, 2008 resulting in the striking of Defendant's Answer, Affirmative Defenses, and Counter-claim and the entry of default against the Defendant, SAMUEL FAST, 8321 N.W. 48th Street, Lauderhill, Florida 33351, Date of Birth: 06/11/1964, on the issue of liability as to all counts. The Court enters this Final Default Judgment in favor of the Plaintiff, SIDNEY FAST, and against the Defendant, SAMUEL FAST, as to Count II (Conversion) and Count III (Unjust Enrichment) and:

IT IS ORDERED AND ADJUDGED that:

1. The Plaintiff, SIDNEY FAST c/o LAW OFFICE OF JAIME RODRIGUEZ JR., 1888 N.W. 7TH STREET, MIAMI, FLORIDA 33125, recover from the Defendant, SAMUEL FAST, 8321 N.W. 48th Street, Lauderhill, Florida 33351, Date of Birth: 06/11/1964, the judgment of $111,332.06 and prejudgment interest from January 18, 2002 to September 4, 2008 in the total amount of $62,381.29. A $24,000 credit will be applied to the judgment as of September 4, 2008 therefore resulting in the principal sum of $87,332.06 with prejudgment interest from September 5, 2008 to October 27, 2009 in the amount of $8,848.94. The total amount of which is $158,562.29 and shall bear the legal interest of 8% from date of this Final Judgment for all which let execution issue forthwith;

2. This Court reserves jurisdiction in awarding attorney's fees and cost and the enforcement of said final judgment.

3. This Court retains jurisdiction for entry of further orders that are proper and necessary to enforce this judgment including, without limitation, writs of execution, writs of possession, deficiency judgments, attachment or levy.

EXHIBIT "E"

1

A TRUE COPY
CERTIFICATION ON LAST PAGE
HARVEY RUVIN, CLERK

"It is further ordered and adjudged that the judgment debtor, SAMUEL FAST, shall complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney, within 45 days from the date of this final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed. Jurisdiction of this case is retained to enter further orders that are proper to compel the judgment debtor, SAMUEL FAST, to complete form 1.977, including all required attachments, and serve it on the judgment creditor's attorney, or the judgment creditor if the judgment creditor is not represented by an attorney."

FAILURE TO OBEY THE ORDER MAY BE CONSIDERED CONTEMPT OF COURT.

DONE and ORDERED in Chambers in Miami-Dade County, Florida, this 6 day of November, 2009.

_____
HONORABLE LESTER LANGER
CIRCUIT COURT JUDGE

LESTER LANGER
CIRCUIT COURT JUDGE

cc: All parties

STATE OF FLORIDA, COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and correct copy of the original on file in this office.
HARVEY RUVIN, Clerk of Circuit and County Courts
                                Deputy Clerk